UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RHINO SHIELD GULF SOUTH, LLC                           CIVIL ACTION
and JAMES M. REDMOND

v.                                                      NO. 18-11247

RSUI GROUP, INC.; LANDMARK
AMERICAN INSURANCE COMPANY;
and BRIAN T. CARR, APLC                                 SECTION "F"

ORDER AND REASONS

Before the Court are two motions: (1) the plaintiffs' motion to remand; and (2) defendant Brian T. Carr, APLC's motion to dismiss, or in the alternative, motion for more definite statement. For the reasons that follow, the motion to remand is DENIED, and the motion to dismiss is GRANTED.

**Background**

This bad faith claims adjustment and legal malpractice suit concerns a claim that an LLC's insurers and counsel extracted significant settlement contributions from the LLC's members by misrepresenting protections afforded under a liability insurance policy.

Rhino Shield of Louisiana, LLC ("Rhino Shield LA") is a defunct limited liability company that dissolved in 2015. Prior to its dissolution, Rhino Shield LA allegedly obtained liability insurance policies from RSUI Group, Inc. ("RSUI") and Landmark American Insurance Co. ("Landmark"). These policies named the LLC

1

itself, as well as its members, as insureds. Between 2013 and 2017, former Rhino Shield of LA customers filed approximately nine lawsuits in Louisiana state court against the company, as well as two of its members - Rhino Shield Gulf South, LLC ("Rhino Shield GS") and James M. Redmond. In each lawsuit, the former customers asserted claims under Louisiana law that allegedly implicated coverage under the RSUI/Landmark policies.

According to Rhino Shield GS and Redmond, their insurers - RSUI and Landmark - and liability counsel - Brian T. Carr, APLC - would respond to the lawsuits by negotiating settlements. More specifically, Rhino Shield GS and Redmond allege that RSUI, Landmark, and Carr

> would misrepresent to Mr. Redmond that Rhino Shield GS (a solvent Florida entity owned by Mr. Redmond) and/or Mr. Redmond personally could be responsible for any judgment, verdict, and/or settlement of the lawsuits or claims referenced herein, essentially raising coverage defenses with Mr. Redmond personally and/or mispresenting and/or failing to inform Mr. Redmond of the liability protections afforded him under corporate or bankruptcy laws.

Rhino Shield GS and Redmond further allege that they "accidentally learned of RSUI/Landmark's and Brian T. Carr, APLC's egregious violations of the duty of good faith and fair dealing" on January 30, 2017. Exactly one year later, on January 30, 2018, the two members sued RSUI and Landmark in the 19th Judicial District Court for the Parish of Baton Rouge. Following removal

2

to the U.S. District Court for the Middle District of Louisiana, the case was dismissed without prejudice, on May 10, 2018, for failure to amend the petition in response to the grant of a 12(b) motion for more definite statement.

Several months later, on October 9, 2018, Rhino Shield Gulf South, LLC and James M. Redmond filed suit in the Civil District Court for the Parish of Orleans, asserting a claim of bad faith claims adjusting practices, or in the alternative, fraud against RSUI Group, Inc. and Landmark American Insurance Co., and a legal malpractice claim against Brian T. Carr, APLC.  In their petition, the plaintiffs allege that RSUI and Landmark violated their duties of good faith and fair dealing under Louisiana law by misrepresenting the terms of the policy to plaintiffs, failing to fully pay claims with third parties until plaintiffs made contributions, and failing to appoint counsel to adequately defend them.  The plaintiffs further allege that attorneys at Brian T. Carr, APLC failed to properly represent and defend them by negligently advising that they must contribute to settlements that fell under insurance policies providing full coverage and indemnity to plaintiffs.  Finally, the plaintiffs seek to recover damages - including an estimated $115,062.11 allegedly extracted from them - as well as costs, attorney's fees, interest, and punitive damages.

RSUI and Landmark timely removed the lawsuit to this Court on November 20, 2018, invoking the Court's diversity jurisdiction. The plaintiffs now move to remand the case on the ground that removal was improper because Brian T. Carr, APLC is a forum defendant. And defendant Carr moves to dismiss the claims asserted against it pursuant to Rule 12(b)(6), or in the alternative, for a more definite statement pursuant to Rule 12(e).

I.

*A.*

Although the plaintiffs challenge removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). Given the significant federalism concerns implicated by removal, the removal statute is strictly construed "and any doubt about the propriety of removal must be resolved in favor of remand." Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008) (citation omitted); Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted).

Federal courts are courts of limited jurisdiction, possessing only the authority granted by the United States Constitution and conferred by the United States Congress. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). A defendant may generally

remove a civil action filed in state court if the federal court has original jurisdiction over the case -- that is, if the plaintiff could have brought the action in federal court from the outset.  See 28 U.S.C. § 1441(a).  However, pursuant to the forum defendant rule, an action not brought under federal law "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).

*B.*

The removing defendants invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332, which requires complete diversity to exist between the plaintiffs and all properly joined defendants, and the amount in controversy to exceed $75,000.  See § 1332(a)(1).  Plaintiffs Rhino Shield GS and James Redmond are citizens of Florida.[1]  As to the defendants, RSUI Group, Inc. is a citizen of Delaware and Georgia; Landmark American Insurance Company is a citizen of New Hampshire and Georgia; and Brian T. Carr, APLC is citizen of Louisiana.[2]  Thus, the parties are completely diverse.  In addition, the removing defendants have

---

[1] For diversity purposes, an LLC, such as Rhino Shield GS, derives its citizenship from that of its members.  Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008).  Because Rhino Shield GS's manager-member, James Redmond, is a citizen of Florida, Rhino Shield GS is likewise a Florida citizen.

[2] A corporation, such as each defendant in this case, is a citizen of its state of incorporation and the state in which its principal place of business is located.  See 28 U.S.C. § 1332(c)(1).

demonstrated that the jurisdictional amount in controversy exceeds $75,000. In their Notice of Removal, the defendants point to the plaintiffs' state court petition, in which they allege that the defendants "would extract significant contributions to settlements from Mr. Redmond and/or Rhino Shield GS through the implication that Plaintiffs could face personal exposure" and that they are entitled to a "[r]eturn of all monies improperly and unlawfully extracted from Plaintiffs, upon information and belief, amounting to $115,062.11." Accordingly, the Court has diversity jurisdiction over this lawsuit.

## II.

### *A.*

The plaintiffs contend that removal nonetheless was improper pursuant to the forum defendant rule. The applicable removal statute incorporating the forum defendant rule provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest **properly joined and served as defendants is a citizen of the State in which such action is brought**.

28 U.S.C. § 1441(b)(2) (emphasis added). Failure to comply with the forum defendant rule renders removal procedurally defective. See In re 1994 Exxon Chem. Fire, 558 F.3d 378, 392-94 (5th Cir. 2009).

It is undisputed that defendant Brian T. Carr, APLC is a Louisiana citizen and had been served at the time this lawsuit was removed.[3] However, the removing defendants urge the Court to disregard the citizenship of Brian T. Carr, APLC on the ground that it was improperly joined.

*B.*

Pursuant to the doctrine of "improper joinder," a state court action may be removed despite the presence of an in-state defendant, where the joinder of such defendant was improper. Smallwood v. Illinois Central R. Co., 385 F.3d 568, 573 (5th Cir. 2004). "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." Id. at 574. "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." Id. at 573. The removing defendant may show improper joinder in one of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Id. In determining whether a party was improperly joined, all contested factual issues and state law ambiguities are

---

[3] In filing their Notice of Removal, the removing defendants attach a Notice of Compliance with 28 U.S.C. § 1447(b), in which they represent that defendant Brian T. Carr, APLC was "properly served."

7

resolved in favor of the plaintiff. Gasch, 491 F.3d at 281. "A defendant is improperly joined if the moving party establishes that: (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is nondiverse." Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd., 818 F.3d 193, 199 (5th Cir. 2016) (emphasis in original).

Because Brian T. Carr, APLC is a forum defendant, to establish removal jurisdiction in this Court based upon the improper joinder doctrine, the removing defendants have the burden of establishing that the plaintiffs have failed to state a claim against Brian T. Carr, APLC. See Int'l Energy Ventures Mgmt., LLC, 818 F.3d at 207-08 ("because Smallwood requires us to use the Rule 12(b)(6)-type analysis, we have no choice but to apply the federal pleading standard embodied in that analysis."). In doing so, the defendants must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Id. at 199-200 (citing Smallwood, 385 F.3d at 573). The Court underscores that the possibility of recovery must be "reasonable," not merely theoretical. Smallwood, 385 F.3d at 573; Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,

8

313 F.3d 305, 312 (5th Cir. 2002) ("If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder.") (internal quotation marks omitted).

*C.*

The out-of-state defendants submit that there is no reasonable basis for the Court to predict that the plaintiffs might be able to recover against Brian T. Carr, APLC because any legal malpractice claim against the firm is time barred. Under Louisiana law, claims for legal malpractice are generally subject to a one-year peremptive period. See La. R.S. §§ 9:5606(A),(B). Specifically, La. R.S. § 9:5606(A) provides:

> **No action for damages against** any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or **any professional corporation**, company, organization, association, enterprise, or other commercial business or professional combination **authorized by the laws of this state to engage in the practice of law**, whether based upon tort, or breach of contract, or otherwise, **arising out of an engagement to provide legal services shall be brought unless filed** in a court of competent jurisdiction and proper venue **within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered;** however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

9

Emphasis added. Subsection B further specifies that "[t]he one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended." La. R.S. § 9:5606(B). In this case, the plaintiffs allege in their state court petition:

> **It was not until January 30, 2017** that Plaintiffs accidentally learned of RSUI/Landmark's and Brian T. Carr, APLC's egregious violations of the duty of good faith and fair dealing.

Accordingly, the plaintiffs concede that they discovered the alleged acts and omissions committed by Brian T. Carr, APLC no later than January 30, 2017. And they did not file their petition until October 9, 2018 - more than one year after the alleged date of discovery.

However, La. R.S. § 9:5606(E) instructs that "the peremptive period provided in Subsection A of this Section shall not apply in cases of fraud."[4] The Louisiana Supreme Court has recognized that the fraud exception contemplated by La. R.S. § 9:5606(E) may apply either when the act of malpractice itself is fraudulent or the

---

[4] The Louisiana Civil Code, in turn, defines fraud as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." La. Civ. Code art. 1953.

10

attorney has engaged in post-malpractice fraudulent concealment. See <u>Lomont v. Myer-Bennett</u>, 2014-2483 (La. 6/30/15); 172 So. 3d 620, 627-29. Louisiana's high court has further held that, in cases where fraud is established, "a legal malpractice claim is governed by the one-year prescriptive period set forth in La. C.C. art. 3492." <u>Id.</u> at 637 (quoting <u>Braud v. New England Ins. Co.</u>, 576 So. 2d 466, 468 (La. 1991)).

Interestingly, the plaintiffs' state court petition does not allege that Brian T. Carr, APLC engaged in either form of fraud. And the plaintiffs concede in their motion to remand that they "can take no position as to whether fraud has occurred or not because Plaintiffs – despite requests - have yet to receive full copies of their legal files from Brian T. Carr, APLC." In other words, the plaintiffs submit that, because discovery "may" reveal that they have a fraud claim against Brian T. Carr, APLC, the removing defendants have not satisfied their burden of establishing that there is no possibility of recovery against the forum defendant.

To further support their position, the plaintiffs point to Louisiana procedural rules regarding the assertion of challenges based on prescription and peremption. In Louisiana state court, the exception of prescription or peremption is raised through the "peremptory exception." La. Code Civ. Proc. art. 927. Moreover, "[w]hen the grounds of the objection pleaded by the peremptory

11

exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." Id. art. 934. Accordingly, the plaintiffs speculate, if this action had been litigated in state court, they would have had an opportunity to amend their petition to state a claim of fraud. But, because the plaintiffs currently "can take no position as to whether fraud has occurred or not," this Court finds that it has no reasonable basis to predict that the plaintiffs may be able to recover against Brian T. Carr, APLC.

Moreover, even if the plaintiffs had stated a claim of fraud against Brian T. Carr, APLC, their recovery against the forum defendant would nonetheless be barred by the one-year *prescriptive* period applicable to fraud claims. See Lomont, 172 So. 3d at 637 (holding that, where the fraud exception applies, "a legal malpractice claim is governed by the one-year prescriptive period set forth in La. C.C. art. 3492") (internal citations omitted). The Louisiana Supreme Court has consistently held that:

> the "date of discovery" from which prescription/peremption begins to run is the "date on which a reasonable man in the position of the plaintiff has, or should have, either actual or constructive knowledge of the damage, the delict, and the relationship between them sufficient to indicate to a reasonable person he is the victim of a tort and to state a cause of action against the defendant."

Id. at 638 (quoting Jenkins v. Starns, 11-1170 (La. 1/24/12); 85 So. 3d 612, 626). Here, the plaintiffs admit in their state court petition that they had knowledge of Brian T. Carr, APLC's alleged legal malpractice as of January 30, 2017. However, they did not file their petition until October 9, 2018, more than year one after the date of the alleged discovery.

In addition, the plaintiffs did not interrupt prescription by suing RSUI and Landmark in the 19th Judicial District Court for the Parish of Baton Rouge back in January of 2018. First, because Brian T. Carr, APLC was not named as a defendant in the prior lawsuit, it is questionable as to whether filing that lawsuit against Carr's co-defendants interrupted prescription as to the plaintiffs' malpractice claim against Carr. Louisiana jurisprudence has recognized that "[a] prior petition interrupts prescription only as to defendants named in the petition relied upon for interruption in the absence of solidary liability between an unnamed defendant and a named defendant." Ward v. Blanche, 466 So. 2d 723, 725 (La. App. 4 Cir. 1985).

Notably, the "interruption of prescription resulting from the filing of a suit . . . is considered never to have occurred if the plaintiff . . . fails to prosecute the suit at trial." La. Civ. Code art. 3463. In interpreting the scope of article 3463, another Section of this Court, in Fields v. Stalder, recognized that the failure to respond to a 12(b)(6) motion and amend a pleading

amounts to a failure to prosecute. No. 02-0159, 2002 U.S. Dist. LEXIS 13450, at *8 (E.D. La. July 18, 2002). Here, the plaintiffs allege in their petition that their prior lawsuit "was dismissed, without prejudice, on May 10, 2018, for failure to amend the petition in response to the granting of [a] 12(b) motion for more definite statement." Because the plaintiffs failed to prosecute the initial lawsuit, prescription for their claim against Carr is deemed to have never been interrupted. Accordingly, this Court finds that the removing defendants have satisfied their burden of proving "that there is no reasonable basis for the district court to predict that the plaintiff[s] might be able to recover against an in-state defendant." Int'l Energy Ventures Mgmt., LLC, 818 F.3d at 199-200. In reaching this conclusion, the Court emphasizes that the possibility of recovery must be "reasonable," not merely theoretical. See Smallwood, 385 F.3d at 573. Having determined that Brian T. Carr, APLC was improperly joined to defeat this Court's removal jurisdiction, the Court likewise finds that the plaintiffs have failed to state a claim against Carr pursuant to Rule 12(b)(6). See Int'l Energy Ventures Mgmt., LLC, 818 F.3d at 207-08 ("[B]ecause Smallwood requires us to use the Rule 12(b)(6)-type analysis, we have no choice but to apply the federal pleading standard embodied in that analysis.").

Accordingly, for the foregoing reasons, IT IS ORDERED: that the plaintiffs' motion to remand is hereby DENIED, and Brian T.

14

Carr, APLC's Rule 12(b)(6) motion to dismiss is GRANTED.[5] The plaintiffs' claim against RSUI and Landmark for bad faith claims adjusting, or in the alternative, fraud remains before the Court.

New Orleans, Louisiana, January 9, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[5] The Court expresses no opinion as to whether the Brian T. Carr, APLC attorneys involved in this matter face criminal exposure.