UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RHINO SHIELD GULF SOUTH, LLC                    CIVIL ACTION
and JAMES M. REDMOND

v.                                               NO. 18-11247

RSUI GROUP, INC. and LANDMARK
AMERICAN INSURANCE COMPANY                       SECTION "F"

ORDER AND REASONS

Before the Court is RSUI Group, Inc. and Landmark American Insurance Company's motion to dismiss pursuant to Rule 12(b)(6), or in the alternative, motion for more definite statement pursuant to Rule 12(e). For the reasons that follow, the motion to dismiss is GRANTED, the plaintiffs' claims are DISMISSED WITHOUT PREJUDICE, and the plaintiffs are granted leave to file an amended complaint within thirty (30) days to remedy the pleading deficiencies identified in this Order and Reasons.

**Background**

This bad faith claims adjustment and legal malpractice suit concerns a claim that an LLC's insurers and counsel extracted significant settlement contributions from the LLC's members by misrepresenting protections afforded under liability insurance policies.

Rhino Shield of Louisiana, LLC ("Rhino Shield LA") is a defunct limited liability company that dissolved in 2015. Prior

1

to its dissolution, Rhino Shield LA allegedly obtained liability insurance policies from RSUI Group, Inc. ("RSUI") and Landmark American Insurance Company ("Landmark"). Issued to Rhino Shield LA, these policies allegedly defined "insured" as follows:

> A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

Between 2013 and 2017, former Rhino Shield LA customers filed approximately nine lawsuits in Louisiana state court against the company, as well as two of its members – Rhino Shield Gulf South, LLC ("Rhino Shield GS") and James M. Redmond. According to Rhino Shield GS and Redmond, the former customers asserted claims under Louisiana law, "alleging liability covered by policies issued in Louisiana by RSUI/Landmark to Rhino Shield LA."

The members further allege that their insurers – RSUI and Landmark – and liability counsel – Brian T. Carr, APLC – would respond to the lawsuits by negotiating settlements. More specifically, they allege that RSUI, Landmark, and Carr

> would misrepresent to Mr. Redmond that Rhino Shield GS (a solvent Florida entity owned by Mr. Redmond) and/or Mr. Redmond personally could be responsible for any judgment, verdict, and/or settlement of the lawsuits or claims referenced herein, essentially raising coverage defenses with Mr. Redmond personally and/or mispresenting and/or failing to inform Mr. Redmond of the liability protections

afforded him under corporate or bankruptcy laws.

Rhino Shield GS and Redmond further claim that RSUI/Landmark used appointed liability counsel or adjusters to extract settlement contributions from Redmond and/or Rhino Shield GS by misrepresenting that Redmond might face personal liability.

On October 9, 2018, Rhino Shield Gulf South, LLC and James M. Redmond filed suit in the Civil District Court for the Parish of Orleans, asserting a claim of bad faith claims adjusting practices, or in the alternative, fraud against RSUI Group, Inc. and Landmark American Insurance Company, and a legal malpractice claim against Brian T. Carr, APLC. In their petition, the plaintiffs allege that RSUI and Landmark violated their duties of good faith and fair dealing under Louisiana law by misrepresenting the terms of the policy to plaintiffs, failing to fully pay claims with third parties until plaintiffs made contributions, and failing to appoint counsel to adequately defend them. In the alternative, the plaintiffs allege that RSUI and Landmark committed fraud by misrepresenting to plaintiffs that they had a duty to contribute to any settlement. Finally, the plaintiffs seek to recover damages – including an estimated $115,062.11 allegedly extracted from them – as well as costs, attorney's fees, interest, and punitive damages.

RSUI and Landmark timely removed the lawsuit to this Court on November 20, 2018, invoking the Court's diversity jurisdiction. Thereafter, the plaintiffs moved to remand on the ground that Brian T. Carr, APLC is a forum defendant, and defendant Carr moved to dismiss the claims asserted against it pursuant to Rule 12(b)(6), or in the alternative, for a more definite statement. In its Order and Reasons dated January 9, 2019, the Court denied the plaintiffs' motion to remand and granted Carr's motion to dismiss. RSUI and Landmark now move to dismiss the plaintiffs' claims asserted against them pursuant to Rule 12(b)(6), or in the alternative, for a more definite statement pursuant to Rule 12(e).

I.

A.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Fed. R. Civ. P. 8).

4

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Stated differently, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." See Thompson v. City of Waco, Texas, 764 F.3d 500, 502 (5th Cir. 2014) (citing Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir. 2012) (en banc)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Id. at 502-03; see also Iqbal, 556 U.S. at 678 ("[W]e are not bound to accept as true a legal conclusion couched as a factual allegation.") (internal citations omitted).

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even

5

if doubtful in fact)." Twombly, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted)(citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

*B.*

Federal Rule of Civil Procedure 12(e) permits a party to file a motion for a more definite statement of the claims asserted against it if the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." However, a Rule "12(e) motion for a more definite statement is disfavored [and]

6

universally deemed appropriate only when the pleading addressed is so vague that it cannot be responded to." Blanchard v. Lee, No. 13-220, 2013 U.S. Dist. LEXIS 116350, at *5 (E.D. La. Aug. 15, 2013) (Africk, J.) (quoting Prudhomme v. Proctor & Gamble Co., 800 F. Supp. 390, 396 (E.D. La. 1992)). "Moreover, the Fifth Circuit has cautioned . . . 'that Rule 12(e) should not be used to . . . requir[e] a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss.'" Id. (quoting Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959)).

## II.

### A.

The plaintiffs claim that RSUI and Landmark engaged in bad faith claims adjusting practices, in violation of La. R.S. §§ 22:1973 and 22:1892, by misrepresenting terms of the policy to them, failing to fully pay claims with third parties until plaintiffs made contributions, and failing to appoint counsel to adequately defend them. The plaintiffs allege in their petition:

> La. R.S. §'s 22:1973 and 22:1892, charge RSUI and Landmark with a duty of good faith and fair dealing to Plaintiffs, James M. Redmond and Rhino Shield GS, and explicitly prohibit the following activities:
>
> (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue;
> (2) Failing to pay claims within 30 days after satisfactory proof of loss;

7

(3) Any other violations of any insurance adjusting statutes applicable to the facts asserted herein.[1]

---

[1] Actually, La. R.S. § 22:1973 provides, in part:

A. An insurer . . . owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:
   (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
. . .

C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

And La. R.S. § 22:1892(A)(1) stipulates:

All insurers issuing any type of contract, other than those specified in R.S. 22:1811, 1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, **shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.** The insurer shall notify the insurance producer of record of all such payments for property damage claims made in accordance with this Paragraph.

Emphasis added.

The plaintiffs further allege that the RSUI and Landmark insurance policies at issue define "insured" as follows:

> A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

The defendants contend that dismissal is warranted because the plaintiffs have failed to plausibly allege their entitlement to relief under Louisiana's bad faith insurance statutes. The Court agrees.

Although the plaintiffs clearly allege in their petition that Rhino Shield LA, as the entity to which the RSUI/Landmark policies were issued, is an insured under those policies, Rhino Shield LA is not a party to this lawsuit. Moreover, the plaintiffs have pled no facts regarding their right to assert claims against RSUI and Landmark on behalf of Rhino Shield LA. To the contrary, the plaintiffs appear to concede in their opposition papers that "their right to recover from Landmark and RSUI stems from their status as 'insured' by virtue of their association with Rhino Shield LA."

In this regard, the plaintiffs have not plausibly alleged in their petition that they are insureds under any policy issued by RSUI or Landmark with respect to any particular claim. First, the bare allegation that Rhino Shield GS and Redmond are insureds under the RSUI and Landmark policies is a legal conclusion that need not

9

be accepted as true in the absence of factual allegations supporting it. See Iqbal, 556 U.S. at 678 ("[W]e are not bound to accept as true a legal conclusion couched as a factual allegation.") (internal citations omitted). And the allegation in their petition that "Rhino Shield GS and Mr. Redmond – as members of the limited liability company Rhino Shield LA – were 'insureds' under the policy" fares no better. As previously noted, the plaintiffs' petition alleges that, under the RSUI and Landmark policies, Rhino Shield LA's "members are also insureds, **but only with respect to the conduct of [Rhino Shield LA's] business**." (emphasis added). In the absence of any allegations concerning the business of Rhino Shield LA or the claims asserted by its former customers, the petition provides the Court with no basis to infer that the plaintiffs are insureds with respect to any claim previously brought against them or the company.

Moreover, even if the plaintiffs had plausibly alleged their status as insureds under the RSUI and Landmark policies, their petition nonetheless fails to plead facts sufficient to establish a statutory claim of bad faith insurance practices. For instance, the plaintiffs have not alleged which policy provision(s) were allegedly misrepresented under La. R.S. § 22:1973(B)(1) or that they submitted a proof of loss as is required under La. R.S. § 22:1892(A)(1). Furthermore, as to their allegation that the defendants violated their statutory duty of good faith and fair

10

dealing by "failing to appoint counsel to adequately defend plaintiffs," Louisiana jurisprudence has recognized that "the legislature did not intend . . . to impose additional penalties on insurers that breached their contractual duty to defend." See Vaughn v. Franklin, 00-0291 (La. App. 1 Cir. 3/28/01); 785 So. 2d 79, 91 (citing Theriot v. Midland Risk Ins. Co., 95-2895 (La. 5/20/97); 964 So. 2d 184). Accordingly, the plaintiffs have not plausibly alleged a statutory claim of bad faith insurance practices.[2]

*B.*

In the alternative, the plaintiffs claim that RSUI and Landmark committed fraud by misrepresenting that Redmond and Rhino Shield GS could be personally liable for any judgments entered against them or Rhino Shield LA. Under Louisiana law, "[f]raud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." La. Civ. Code art.

---

[2] To the extent that the plaintiffs also attempt to assert a breach of contract claim, such efforts likewise fall short. As previously discussed, the plaintiffs have not plausibly alleged their status as insureds under any RSUI or Landmark policy. Furthermore, the United States Court of Appeals for the Fifth Circuit has consistently held that, "[t]o state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision." Louque v. Allstate Ins. Co., 314 F.3d 776, 782 (5th Cir. 2002) (internal citations omitted)). Here, the petition neither alleges a breach of a specific policy provision, nor identifies any particular policy containing a provision that was allegedly breached.

11

1953. State law fraud claims, such as those alleged by the plaintiffs here, are subject to the heightened pleading requirement set forth in Federal Rule of Civil Procedure 9(b). Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338-39 (5th Cir. 2008).

Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. Proc. 9(b). The Fifth Circuit "'interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" Dorsey, 540 F.3d at 339 (quoting Herrmann Holdings Ltd. v. Lucent Techs. Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)). In other words, "Rule 9(b) requires the complaint to set forth 'the who, what, when, where, and how' of the events at issue." Id. (quoting ABC Arbitrage Plaintiffs Grp. v. Tchuruk, 291 F.3d 336, 350 (5th Cir. 2002)).

In this case, the plaintiffs have failed to satisfy Rule 9(b)'s heightened pleading requirement. The plaintiffs allege that, between 2013 and 2017, claims adjusters of RSUI/Landmark and appointed liability counsel at Brian T. Carr, APLC would misrepresent to Redmond that Rhino Shield GS and/or Redmond could personally be responsible for any judgment, verdict, and/or settlement and failed to inform him of the liability protections

12

afforded him under corporate or bankruptcy laws that would have personally shielded him from a judgment against Rhino Shield LA. However, their petition fails to identify the names of the individuals who made the alleged misrepresentations, when – within the span of a four-year period of time – the statements were made, where they were made, or the specific substance of the fraudulent representations. Because the plaintiffs have failed to set forth the "who, what, when, and where" of the alleged fraud, their petition falls short of reaching Rule 9(b)'s heightened pleading standard. See ABC Arbitrage Plaintiffs Grp., 291 F.3d at 349 ("[T]he who, what, when, and where must be laid out *before* access to the discovery process is granted.") (internal citations omitted).

Accordingly, for the foregoing reasons, IT IS ORDERED: that the defendants' motion to dismiss is GRANTED, the plaintiffs' claims are DISMISSED WITHOUT PREJUDICE, and the plaintiffs are granted leave to file an amended complaint within thirty (30) days to remedy the pleading deficiencies identified in this Order and Reasons.

New Orleans, Louisiana, February 5, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE