UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RHINO SHIELD GULF SOUTH, LLC                    CIVIL ACTION
and JAMES M. REDMOND

v.                                               NO. 18-11247

RSUI GROUP, INC. and LANDMARK
AMERICAN INSURANCE COMPANY                       SECTION "F"

ORDER AND REASONS

Before the Court is RSUI Group, Inc. and Landmark American Insurance Company's motion to dismiss pursuant to Rule 12(b)(6), or in the alternative, motion for more definite statement pursuant to Rule 12(e). For the reasons that follow, the motion to dismiss is GRANTED, without prejudice, and the plaintiffs are granted leave to file an amended complaint within thirty (30) days to remedy the pleading deficiencies identified in this Order and Reasons.

**Background**

This bad faith claims adjustment and legal malpractice suit accuses claims adjusters and liability counsel of extracting settlement contributions from insureds by misrepresenting protections afforded under liability insurance policies.

Rhino Shield of Louisiana, LLC ("Rhino Shield LA") is a defunct limited liability company that dissolved in 2015. Prior to its dissolution, Rhino Shield LA obtained liability insurance policies from RSUI Group, Inc. ("RSUI") and Landmark American

1

Insurance Company ("Landmark"). Between 2013 and 2017, former Rhino Shield LA customers filed lawsuits and otherwise asserted claims in Louisiana against Rhino Shield LA that implicated coverage under the RSUI/Landmark policies. In response, the insurers – RSUI and Landmark – and appointed liability counsel - Brian T. Carr, APLC – would extract settlement contributions from James M. Redmond (one of Rhino Shield LA's members) and/or Rhino Shield Gulf South, LLC (a related entity) by misrepresenting that Redmond might face personal liability.

On October 9, 2018, Rhino Shield Gulf South, LLC ("Rhino Shield GS") and James M. Redmond filed suit in the Civil District Court for the Parish of Orleans, asserting a claim of bad faith claims adjusting practices, or in the alternative, fraud against RSUI Group, Inc. and Landmark American Insurance Company, and a legal malpractice claim against Brian T. Carr, APLC. The plaintiffs alleged that RSUI and Landmark violated their duties of good faith and fair dealing under Louisiana law by misrepresenting policy terms to plaintiffs, failing to fully pay claims with third parties until plaintiffs made contributions, and failing to appoint counsel to adequately defend them.

After RSUI and Landmark removed the lawsuit to this Court, defendant Brian T. Carr, APLC was dismissed with prejudice; RSUI and Landmark then moved to dismiss the claims asserted against them pursuant to Rule 12(b)(6), or in the alternative, for a more

2

definite statement pursuant to Rule 12(e). In its Order and Reasons dated February 5, 2019, the Court granted the defendants' motion to dismiss, without prejudice, finding that the plaintiffs had failed to: (1) plausibly allege their status as insureds under any RSUI/Landmark policy; (2) plead facts sufficient to establish a statutory claim of bad faith insurance practices; or (3) satisfy Rule 9(b)'s heightened pleading standard for fraud. The Court also granted the plaintiff leave to file an amended complaint within thirty days to remedy the pleading deficiencies identified. In accordance with that Order, the plaintiffs filed an amended complaint on March 6, 2019.

The plaintiffs allege in their first amended complaint that "Rhino Shield LA was a two-member LLC" comprised of James M. Redmond and his business partner at that time, Kevin Mmahat. The amended complaint further alleges that Rhino Shield LA operated in Louisiana pursuant to an agreement with Rhino Shield GS, a Florida limited liability company whose sole member was and is James M. Redmond. With respect to the liability insurance policies allegedly at issue, the plaintiffs claim that Rhino Shield LA was insured by RSUI policies between April 24, 2011 and April 24, 2015, that Mr. Redmond was an insured by virtue of his status as a member of Rhino Shield LA,[1] and that Rhino Shield GS was named as an

---

[1] The plaintiffs allege that each policy defined "insured" as follows:

3

"additional insured" under these policies between May 8, 2013 and April 24, 2015.

It is further alleged that, beginning in 2013, former Rhino Shield LA customers filed claims and lawsuits in Louisiana against Rhino Shield LA, alleging liability covered by the RSUI/Landmark/Covington policies. The amended complaint explains that these lawsuits dealt directly with the faulty or defective installation of the Rhino Shield product in Louisiana. The complaint then lists twelve lawsuits and claims asserted against Rhino Shield LA, and alleges that each one "also named James M. Redmond and/or Rhino Shield GS as direct defendants:"

*Lawsuits*

(1) <u>Danny J. Delahoussaye, et al. v. Rhino Shield of Louisiana, LLC</u> – 16th Judicial District Court for the Parish of Iberia, No. 120-721;

(2) <u>Henry Gill, et al. v. Rhino Shield of Louisiana, LLC, Rhino Shield Gulf South, LLC and Hallmark Specialty Ins. Co.</u> – 19th Judicial District Court for the Parish of East Baton Rouge, No. 629-162;

(3) <u>Ronald Henry v. Rhino Shield of Louisiana, LLC</u> – Second Parish Court for the Parish of Jefferson, No. 122-182;

(4) <u>Raymond Landry, et al. v. Rhino Shield of Louisiana, LLC, Rhino Shield Gulf South, LLC, and Amcoat Industries, Inc.</u> – Civil District Court for the Parish of Orleans, No. 2014-894;

---

> A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

4

(5) <u>Torrin Poe v. Rhino Shield of Louisiana, LLC et al.</u> – Civil District Court for the Parish of Orleans, No. 2015-9230;

(6) <u>Shane Raimer, et al. v. Rhino Shield of Louisiana, LLC, Rhino Shield Gulf South, LLC and Amcoat Industries, Inc.</u> – Civil District Court for the Parish of Orleans, No. 15-6149;

(7) <u>Ida Richards, et al. v. Rhino Shield of Louisiana, LLC, et al.</u> – Civil District Court for the Parish of Orleans, No. 13-5250.

*Claims*

(8) <u>Gary Reggio v. Rhino Shield of Louisiana, LLC</u>

(9) <u>Vince Panepinto v. Rhino Shield of Louisiana, LLC</u>

(10) <u>Allen Crosby et al. v. Rhino Shield of Louisiana, LLC</u>

(11) <u>Jason Fulcher v. Rhino Shield of Louisiana, LLC</u>

(12) <u>Darrin and Sandy Blanchard v. Rhino Shield of Louisiana, LLC and Trinity Insurance Services, et al.</u> – Trinity Claim No. 37032.

The amended complaint goes on to allege that, "[i]nstead of undertaking and discharging their duty to defend their insureds[,] James M. Redmond and Rhino Shield GS, representatives of RSUI . . . told James M. Redmond that both he (in his personal capacity) and Rhino Shield GS, could be held personally responsible for the damages alleged against Rhino Shield LA for the actions of Rhino Shield LA." The plaintiffs also assert that "RSUI violated its duty of good faith and fair dealing by misrepresenting to James M. Redmond (in his personal capacity and as the sole member of Rhino Shield GS) . . . that there may not be coverage, and in doing so,

5

would extract significant contributions to settlements from Redmond and/or Rhino Shield GS through the implication that both could face personal exposure." The amended complaint further alleges that nine payments were made "directly by Rhino Shield GS and/or James M. Redmond" in partial settlement of lawsuits and claims:

| Date | Customer/Plaintiff | Amount |
|---|---|---|
| 4/1/2014 | Danny Delahoussaye | $6,000 |
| 4/4/2014 | Gary Reggio | $20,000 |
| 7/18/2014 | Vince Panepinto | $7,800 |
| 8/13/2014 | Allen Myles & Tiffany Myles Crosby | $6,506.50 |
| 11/19/2014 | Sandy Blanchard | $3,256.11 |
| 3/13/2015 | Skip Gill | $16,750 |
| 4/17/2015 | Raymond Landry | $21,750 |
| 10/23/2015 | Ida Richards | $31,000 |
| 4/12/2016 | Jason Fulcher | $2,000 |
| 1/20/2017 | Shane Raimer | $30,000 (check returned, not deposited) |

Asserting that the defendants breached their contractual duty to defend and their statutory duty to handle claims in good faith, the plaintiffs seek to recover: (1) statutory penalties pursuant to La. R.S. § 22:1973; (2) all money improperly extracted from them, amounting to $115,062.11; and (3) all costs, attorney's fees, and general damages associated with bringing this lawsuit.

The defendants now move to dismiss the claims asserted in the plaintiffs' amended complaint pursuant to Rule 12(b)(6), or in the alternative, for a more definite statement under Rule 12(e), contending that the plaintiffs have failed to address the fatal defects that led to the dismissal of their initial petition.

I.

*A.*

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Stated differently, Rule 8 "does not unlock the doors of discovery

for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." See Thompson v. City of Waco, Texas, 764 F.3d 500, 502 (5th Cir. 2014) (citing Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir. 2012) (en banc)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Id. at 502-03; see also Iqbal, 556 U.S. at 678 ("[W]e are not bound to accept as true a legal conclusion couched as a factual allegation.") (internal citations omitted).

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted)(citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

*B.*

Federal Rule of Civil Procedure 12(e) permits a party to file a motion for a more definite statement of the claims asserted against it if the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." However, a Rule "12(e) motion for a more definite statement is disfavored [and] universally deemed appropriate only when the pleading addressed is so vague that it cannot be responded to." Blanchard v. Lee, No. 13-220, 2013 U.S. Dist. LEXIS 116350, at *5 (E.D. La. Aug. 15, 2013)(Africk, J.)(quoting Prudhomme v. Proctor & Gamble Co., 800 F. Supp. 390, 396 (E.D. La. 1992)). "Moreover, the Fifth Circuit

9

has cautioned . . . 'that Rule 12(e) should not be used to . . . requir[e] a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss.'" Id. (quoting Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959)).

II.

The plaintiffs claim that RSUI and Landmark failed to adequately defend them in contravention of the policies' terms, misrepresented policy terms to them in violation of La. R.S. § 22:1973, and engaged in ongoing acts of negligence.[2] The defendants urge the Court to dismiss the plaintiffs' claims, contending that the amended complaint, yet again, fails to plausibly allege either plaintiff's status as an insured with respect to any particular claim or that either plaintiff in fact paid any settlement amount. The Court agrees with the defendants in both respects.

*A.*

First, the viability of all three of the plaintiffs' claims turns upon whether the amended complaint plausibly alleges their status as insureds under the liability policies they have placed at issue.[3] With respect to Mr. Redmond, the amended complaint

---

[2] The plaintiffs concede in their opposition papers that their amended complaint asserts no claim of fraud.
[3] Notably, La. R.S. § 22:1973 provides, in part:

10

alleges that each policy's definition of "insured" includes "members . . . with respect to the conduct of [the LLC's] business," that Redmond was a member of Rhino Shield LA, and that each lawsuit and claim at issue arose out of the company's business – that is, the installation of the Rhino Shield product. However, the amended complaint stops short of alleging that any of these lawsuits or claims named Mr. Redmond, as opposed to his single-member LLC (Rhino Shield GS), as a defendant, so as to trigger Redmond's status as an insured.

As to Rhino Shield GS, the amended complaint clarifies that this entity was named as an "additional insured" under certain policies issued by Covington Specialty Insurance Company and administered by RSUI between May 8, 2013 and April 24, 2015. But, in the absence of any allegations concerning which policy may have been triggered by each claim, the complaint provides the Court

---

    A. An insurer . . . owes to his **insured** a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
    B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:
        (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
        . . .
Emphasis added.

with no basis to infer that Rhino Shield GS is an insured with respect to any claim that *is* alleged to have been asserted against it.

*B.*

Relatedly, the amended complaint fails to allege that either plaintiff in fact made any settlement contribution. Although the amended complaint itemizes nine payments that were "made directly by Rhino Shield GS and/or James M. Redmond" in partial settlement of lawsuits and claims asserted against Rhino Shield LA and Rhino Shield GS, it fails to allege which plaintiff made the payments at issue and thus suffered the harm. See <u>Ogea v. Merritt</u>, 13-1085 (La. 12/10/13); 130 So. 3d 888, 894-895 ("[A]s a general proposition, the law considers an LLC and the member(s) comprising the LLC, as being wholly separate persons.") (citing La. Civ. Code art. 24). In an attempt to justify this pleading deficiency, the plaintiffs contend that, in light of RSUI's improper claims-handling practices, it was not always clear to Mr. Redmond from whom RSUI sought payment, or which dismissals the settlement funds of each check purported to secure. But, the plaintiffs overlook that, regardless of how any payment was allegedly used or characterized, their complaint fails to allege which plaintiff *issued* each settlement check.

Accordingly, for the foregoing reasons, IT IS ORDERED: that the defendants' motion to dismiss is GRANTED, without prejudice,

and that the plaintiffs are granted leave to file a second amended complaint within thirty days to remedy the pleading deficiencies identified in this Order and Reasons, or face dismissal with prejudice.[4]

New Orleans, Louisiana, April 15, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[4] Given that plaintiffs now face their second opportunity to plead valid causes of action, their failure to do so will justify dismissal with prejudice. See also 28 U.S.C. § 1927.